## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN THOMAS PIPKIN, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 03-CV-860-TCK-SAJ** |
| | ) | |
| BRUCE HOWARD, Warden; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| **Respondents.** | ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus, as amended (Dkt. ## 1, 15). Petitioner appears *pro se* and challenges his convictions and sentences entered in Mayes County District Court, Case No. CF-1998-245. At the time these proceedings were initiated, Petitioner was in custody of the Oklahoma Department of Corrections. Respondent filed a response, along with the state court records necessary for adjudication of Petitioner's claims (Dkt. # 17). Petitioner filed a reply (Dkt. # 18) to Respondent's response. For the reasons discussed below, the Court finds the petition, as amended, should be denied.

## *BACKGROUND*

Around 1:30 a.m. on September 5, 1998, sixty-eight year old Mary Gates was awakened by someone knocking on the front door of her mobile home in Mayes County, Oklahoma. When she asked who was there, her neighbor John Thomas Pipkin ("Tom") identified himself and indicated he needed to call the electric company because his electricity was out. Ms. Gates went to her back bedroom to get the phone, but when she turned around she realized that Mr. Pipkin had followed her into the house. He stood at her bedroom door wearing a purplish-pink nighty, with his shorts pulled

down to his knees and his genitals exposed. Ms. Gates told him to leave, but was tackled to the floor

by Mr. Pipkin. Straddling her on the floor, he rubbed himself against her, but was unable to get an

erection and left shortly thereafter. Ms. Gates called nearby family members for help, then called

the Mayes County Sheriff's Department. She positively identified Mr. Pipkin as her attacker because

she had met him on several prior occasions in the neighborhood. Mr. Pipkin had returned to his

home and gone to bed. He was arrested a couple of hours later.

The record before the Court demonstrates that Petitioner was convicted by a jury of First

Degree Burglary and Sexual Battery, in Mayes County District Court, Case No. CF-1998-245 (Dkt.

# 6, Ex. E). Petitioner was originally tried and convicted in September, 1998.  That conviction was

reversed and remanded by the Oklahoma Court of Criminal Appeals ("OCCA"), in Case No. F-99-

1282, based on the trial court's failure to give alibi instructions. See Dkt. # 17, Ex. 1. Upon retrial,

he was again convicted and was sentenced to ten (10) years imprisonment on the burglary conviction

and to five (5) years imprisonment on the sexual battery conviction, to be served consecutively (Dkt.

# 17, Ex. 11 at 370).

After his second trial, Petitioner again appealed his convictions and sentences to the OCCA.

Represented by attorney Katherine Jane Allen, Petitioner raised four (4) propositions of error on

direct appeal:

> Proposition 1: The trial court erred by failing to instruct that the alleged victim's testimony
> had to be corroborated, due to the fact that the allegations were improbable.
> As the allegations were not so corroborated and no instructions given, the
> convictions must be vacated.

> Proposition 2: Mr. Pipkin was deprived of effective assistance of counsel in violation of the
> Sixth and Fourteenth Amendments to the United States Constitution and
> Article II, §§ 7 and 20 of the Oklahoma Constitution.

2

Proposition 3:  Mr. Pipkin's Fourteenth Amendment Due Process rights were violated when the trial judge abused his discretion in imposing consecutive sentences and by the imposition of an excessive sentence.

Proposition 4:  The accumulation of errors in this case so infected the trial with unfairness that Mr. Pipkin was denied due process of law.

(Dkt. # 17, Ex. 7). In an unpublished summary opinion, filed March 12, 2002, in Case No. F-2001-813, the OCCA rejected Petitioner's claims and affirmed the Judgments and Sentences of the trial court (Dkt. # 17, Ex. 1). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court.

On March 14, 2003, Petitioner, appearing *pro se*, filed an application for post-conviction relief in the state district court (Dkt. # 17, Ex. 2). By order filed April 10, 2003 (Dkt. # 17, Ex. 3), the state district court denied the requested relief. Petitioner attempted to appeal the denial of relief. However, on May 27, 2003, the OCCA filed its order, in Case No. PC-2003-490, declining jurisdiction and dismissing the appeal based on Petitioner's failure to attach a certified copy of the state district court's order denying post-conviction relief as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals.* See Dkt. # 17, Ex. 4.

On June 26, 2003, Petitioner filed a request for an appeal out of time in the OCCA. By order filed July 9, 2003, in Case No. PC-2003-711, the OCCA dismissed the appeal based on Petitioner's failure to seek relief in the District Court of Mayes County before filing in the state appellate court. See Dkt. # 6, Ex. D. In its order dismissing the appeal, the OCCA instructed Petitioner on the proper procedure for seeking a post-conviction appeal out of time. See id.

On July 16, 2003, in compliance with the OCCA's instructions, Petitioner filed in the state district court an application for post-conviction appeal out of time. See Dkt. # 6, Ex. E.  The district court recommended that Petitioner be granted a post-conviction appeal out of time.  On August 21,

3

2003, the OCCA granted Petitioner a post-conviction appeal out of time.  See Dkt. # 6, Ex. F.  By

order filed November 18, 2003 (Dkt. # 17, Ex. 6), in Case No. PC-2003-1032, the OCCA affirmed

the district court's denial of post-conviction relief. The issues rejected by the OCCA on post-

conviction appeal were as follows:

> Proposition 1: Prosecution conspired with a witness and used false testimony to get a conviction.
>
> Proposition 2: Conviction obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to the defence [sic].
>
> Proposition 3: Appellant was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel by his trial and appellate counsel.

See Dkt. # 17, Ex. 5.

Petitioner initiated the instant habeas corpus proceedings by filing a petition in the United

States District court for the Eastern District of Oklahoma on December 4, 2003 (Dkt. # 1-1). The

case was transferred to this Court by Order filed December 16, 2003 (Dkt. # 1-3). By Order filed

August 19, 2004, this Court granted Petitioner's request to file an "opening Brief in Support of

Amended Petition for Writ of Habeas Corpus" (Dkt. # 16). The Court further found that the claim

raised in the amended brief supercedes those raised in the original petition. Id. Accordingly, the sole

proposition of error remaining before the Court is:

> Ground 1:    Mr. Pipkin was denied a Competent and Effective Assistance Of an Appellate and Trial Counsel's [sic] in Violation of the sixth and Fourteenth Amendment of the United States Constitution, Article II, [§§] 7 and 20, of the Oklahoma Constitution.
>
> Part A:  Appellate counsel was ineffective for failing to properly present a claim of ineffective assistance of trial counsel for failing to use available impeachment evidence.
>
> Part B:  Ineffective assistance of trial counsel for failing to conduct a full-scale investigation of the crimes alleged against Mr. Pipkin.

4

See Dkt. # 15.

In response to the petition, Respondent argues that Part A of Petitioner's ground one claim was properly denied by the OCCA, and Part B is unexhausted but must be denied as procedurally barred (Dkt. # 17). In his reply, Petitioner reasserts his allegations of ineffective assistance of counsel (Dkt. # 18).  On November 6, 2006, during the pendency of this matter, Petitioner discharged his sentences (Dkt. # 27).

## *ANALYSIS*

### A.    **Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has not exhausted Part B of his claim. See Dkt. # 17 at 1.  However, Respondent asserts the unexhausted claim is procedurally barred.  As discussed in more detail below, the Court agrees with Respondent and finds that because it would be futile to require Petitioner to return to state court to exhaust his Part B claim, consideration of this petition is not precluded by the exhaustion requirement of 28 U.S.C. § 2254(b).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.    **State law claim not cognizable**

First, insofar as Petitioner claims a violation of the Oklahoma Constitution, the claim shall be denied because it is not cognizable on federal habeas corpus review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court

to reexamine state-court determinations on state-law questions).  Instead, when conducting habeas

review, a federal court is limited to deciding whether a conviction violated the Constitution, laws,

or treaties of the United States. Id..  Petitioner's claim, insofar as it is based on Oklahoma law or the

Oklahoma Constitution, is not cognizable in this federal habeas corpus proceeding and shall be

denied on that basis.

**C.      Claim adjudicated by the OCCA**

The AEDPA amended the standard to be applied by federal courts reviewing constitutional

claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court

has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision

"involved an unreasonable application of clearly established Federal law, as determined by the

Supreme Court of the United States" or "was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams

v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  In

this case, the OCCA adjudicated Part A of Petitioner's ground one claim on post-conviction appeal.

Therefore, that claim shall be reviewed pursuant to § 2254(d).

In Part A of his single proposition of error, Petitioner asserts that his appellate counsel was

ineffective for failing to properly present an ineffective assistance of trial counsel claim on direct

appeal. Specifically, Petitioner contends that his appellate counsel omitted an argument that his trial

counsel failed to use available impeachment evidence. Appellate counsel raised the issue concerning

impeachment evidence on direct appeal in a footnote, stating:

> In addition to the claim contained in the Brief-in-Chief, Appellant has raised a claim
> that trial counsel failed to utilize available impeachment evidence during Mr.
> Pipkin's 2001 trial. But for this error, there is a reasonable probability that the
> outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S.

668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A Motion for Evidentiary Hearing is filed along with this brief in accordance with Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App., setting forth the particulars of this claim.

See Dkt. # 15, App. B; Dkt. # 17, Ex. 7 at 10 n.1. The referenced motion for evidentiary hearing

details allegations that trial counsel failed to impeach the testimony of two of the state's witnesses

whose testimony had "materially changed from the first trial to the most recent trial." See Dkt. # 17,

Ex. 8 at 3. In its order denying relief on direct appeal, the OCCA stated in a footnote:

> In footnote 1 Pipkin refers to his claim that counsel failed to use available impeachment evidence. He makes no effort to argue this as part of his brief on appeal and we do not consider it in discussing this [ineffective assistance of trial counsel] proposition. We have reviewed Pipkin's motion for evidentiary hearing on this issue, and determine that he has not shown by clear and convincing evidence that there is a strong possibility counsel was ineffective. Rule 3.11(B)(3)(b), *rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2001). Pipkin's Motion for Evidentiary Hearing on this issue, filed September 24, 2001, is **DENIED**.

Dkt. # 17, Ex. 1 at 2 n.4. In his application for post-conviction relief, Petitioner argued that appellate

counsel provided ineffective assistance in failing to raise the claim concerning trial counsel's

impeachment of witnesses adequately. See Dkt. # 17, Ex. 2 at 16-23. The OCCA rejected

Petitioner's claim of ineffective assistance of appellate counsel, as follows:

> To support his claim of ineffective assistance of appellate counsel, Petitioner must establish his appellate counsel's performance was deficient under prevailing professional norms, and that but for the deficient performance the outcome of his appeal would have been different, or he must establish that he is factually innocent. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674, 693, 698 (1984). Petitioner basically argues that appellate counsel failed to assert that trial counsel neglected to research and prepare adequately. However, appellate counsel raised a claim that Appellant was deprived of effective assistance of trial counsel. Petitioner has not established that the claim was inadequately raised on direct appeal. 22 O.S.2001, § 1086; *Fowler, supra*. He has not established that he is factually innocent. *Strickland, supra*. Therefore, the order of the District Court of Mayes County denying Petitioner's application for post-conviction relief in Case No. CF-1998-245 should be, and is hereby, **AFFIRMED**.

7

(Dkt. # 17, Ex. 6). Citing Anderson v. Mullin, 327 F.3d 1148, 1155-56 (10th Cir. 2003), and 28 U.S.C. § 2254(d)(1)(2), Respondent contends that the OCCA's resolution of this issue is neither contrary to nor an unreasonable application of the law or facts in this case.

Petitioner is not entitled to relief on his claim of ineffective assistance of appellate counsel unless he establishes that the OCCA's adjudication of the claim, as raised in state court proceedings, was an unreasonable application of federal law as determined by the United States Supreme Court. The applicable standard was established by the Supreme Court in Strickland, 466 U.S. at 687. The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. Id. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.  Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir.1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing Petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, Petitioner "would have prevailed on his appeal." Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

Because Petitioner provides little detail about the omitted claim in his habeas pleadings, the Court has reviewed the motion for evidentiary hearing filed in state court (Dkt. # 17, Ex. 8) to determine the basis of his claim that trial counsel failed to use available impeachment evidence. Petitioner first claims that his trial counsel failed to impeach Dr. Crapes, the examining room physician who attended Ms. Gates when she was brought to the emergency room following the September 5, 1998, attack. According to Petitioner, Dr. Crapes testified at Petitioner's first trial that Mrs. Gates "did not have any trauma, bruises, marks or abrasions when she arrived." Id. at 3. However, he testified at the second trial that she had bruising and scratches on her knees and elbows. Id.  Even assuming Petitioner's trial counsel should have questioned Dr. Crapes about these inconsistencies, it appears clear after reviewing the entire trial transcript that such cross-examination would have had little, if any, effect on the outcome of the proceedings. See e.g. Welch v. Sirmons, 451 F.3d 675, 706 (10th Cir. 2006) (failure to impeach had little effect on outcome). Accordingly, the Court concludes that Petitioner was not prejudiced by his trial counsel's failure to impeach Dr. Crapes testimony concerning the bruising and scratches he observed in his examination.

Petitioner also asserts his trial counsel's failure to impeach Mrs. Gates was constitutionally ineffective. At the first trial Mrs. Gates testified that she saw Petitioner standing in her bedroom doorway while she was reaching for her eyeglasses, but in the second trial she said she noticed him when she was reaching for the telephone (Dkt. # 17, Ex. 8 at 3). The Court finds that this inconsequential difference in her testimony was not significant enough to have any effect on the jury if the difference were pointed out through questions by defense counsel. Thus, Petitioner was not prejudiced by his trial counsel's failure to impeach Mrs. Gates' testimony on this point. Petitioner also contends that his trial counsel should have impeached Mrs. Gates because she stated at the first

9

trial that Petitioner entered her home and threw his shirt in the kitchen. At the second trial she indicated she first saw him in her home when he stood in her bedroom doorway. Id. The Court does not find that this immaterial difference in testimony would have had any effect on the outcome of the trial. Petitioner has not demonstrated prejudice as required by Strickland.

Petitioner has failed to satisfy the prejudice prong of the Strickland standard in his three instances of alleged trial counsel ineffectiveness. The Court finds that trial counsel was not ineffective for failing to impeach the witnesses as Petitioner describes. Having found no merit in the underlying claims "inadequately" raised or omitted by appellate counsel, Petitioner's Part A claim of ineffective assistance of appellate counsel must fail. The Court concludes that Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel. 28 U.S.C. § 2254(d).

**D.      Procedural Bar**

In Part B, Petitioner claims that his trial counsel was constitutionally ineffective because he failed to conduct a complete investigation and did not obtain a copy of the felony warrant, arrest and search warrant, the Sheriff Department's police report, and pre-trial motions. In response to the petition, Respondent asserts that this particular ineffective assistance of trial counsel claim has never been presented to the state courts and is unexhausted (Dkt. # 17 at 11-13). Upon review of the record, the Court agrees that this claim has never been fairly presented to the state courts for review.

Although the Court could require Petitioner to return to state court to raise the claim in a second application for post-conviction relief, the OCCA routinely applies a procedural bar to such claims unless the petitioner provides "sufficient reason" for his failure to raise the claim in an earlier proceeding.  Okla. Stat. tit. 22, § 1086; Moore v. State, 889 P.2d 1253 (Okla. Crim. App. 1995).

Because this claim would be subject to a procedural bar in the state courts, the Court finds it would be futile to require Petitioner to exhaust this claim. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (the futility exception is a narrow one, and is supportable "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"); see also Coleman v. Thompson, 501 U.S. 722 (1991); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).   Accordingly, because exhaustion would be futile, Part B of Petitioner's ground one claim relating to ineffective assistance of trial counsel is not barred by the exhaustion requirement.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).   "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'"  Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's Part B claim is procedurally barred. Petitioner has defaulted this claim of ineffective assistance of counsel twice: first, when he failed to raise it on direct appeal, and second, when he failed to raise it in post-conviction proceedings. The resulting procedural bar would be  "independent" and

"adequate" to preclude federal habeas review. Maes, 46 F.3d at 985; Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000) (recognizing that Oklahoma's procedural rule barring claims not raised in a first state post-conviction petition is independent and adequate); Moore v. Reynolds, 153 F.3d 1086, 1096097 (10th Cir. 1998) (petitioner's failure to raise ineffective assistance of counsel claims until his second application for state post-conviction relief precluded federal habeas review of those claims).

Because of Petitioner's procedural defaults, this Court may not consider Petitioner's Part B ineffective assistance of trial counsel claim unless he is able to show cause and prejudice for the procedural defaults, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750. The "cause" standard requires Petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). He must also show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). Alternatively, the "fundamental miscarriage of justice" exception requires Petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 495 (1991).

In his reply to Respondent's response, Petitioner does not attempt to show cause and prejudice for his failure to present this issue to the state courts. Nor does he argue that a fundamental miscarriage of justice would occur if his claim is not considered. Therefore, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's Part B claim. Coleman, 501 U.S. at 724.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus, as amended (Dkt. ## 1, 15) is **denied**. A separate judgment shall be entered in this case.

**DATED** this 6th day of May, 2008.

 

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE